POLANCO, PLAINTIFF AND APPELLEE, *v.* GOFFINET ET AL., DEFENDANTS AND APPELLANTS.

APPEAL from the District Court of Humacao in an Action for Annulment of Foreclosure Proceedings.

No. 1906.—Decided May 23, 1919.

FORECLOSURE—RETENTION OF PROCEEDS OF SALE—EFFECTIVENESS OF JUDGMENT—
ATTACHMENT.—In an action for the annulment of foreclosure proceedings and for damages, besides the means for securing the effectiveness of the

judgment provided by article 175 of the Regulations for the execution of the Mortgage Law, such steps may also be taken as are authorized by the special law to secure the effectiveness of judgments; and it not having been shown that the district court abused its discretion in this case, the procedure followed to guarantee the rights that in due course may be recognized in the plaintiff should not be changed.

The facts are stated in the opinion.

*Mr. Lorenzo Jiménez García* for the appellants.

*Messrs. Sarmiento, Rodríguez Serra* and *Puig* for the appellee.

MR. JUSTICE DEL TORO delivered the opinion of the court.

José Jacinto Nicolás Polanco brought an action in the District Court of Humacao against August and Constant Goffinet for the annulment of a mortgage foreclosure proceding and the recovery of $10,500 as damages. The plaintiff moved for an attachment to secure the effectiveness of the judgment and the court sustained the motion, ordering the marshal to retain the proceeds of the sale of the mortgaged property and authorizing the attachment of properties of the defendants in the sum of $10,500. The defendants complained that no security was required of the plaintiff, and the court, on January 23, 1918, ordered that a bond for $3,000 be given for the retention of the proceeds of the sale and another for $2,000 for the attachment. The order of the court was appealed from to this court and affirmed by a judgment of April 25, 1918.

The plaintiff filed the required bonds and the proceeds of the sale of the mortgaged property, amounting to $19,202, were retained by the district marshal and an attachment was also levied upon the said sum to guarantee the payment of the $10,500 claimed as damages.

At this stage the defendants moved that the court order the proceeds of the sale to be delivered to them upon their furnishing a bond for such an amount as the court might fix. The court granted this motion and the defendants gave bond for the return of the money, which they then received from the marshal.

The plaintiff filed a supplementary complaint claiming $4,166 additional for damages and $2,784 for the products of the property, and also filed a motion alleging that by virtue of the order for the delivery to the defendants of the proceeds of the sale of the property, the attachment which had been levied on said sum to guarantee the payment of $10,500 had become void and that as he claimed $6,950 additional, it should be ordered that properties of the defendants be attached in the sum of $17,450. The court sustained the motion on the condition that the plaintiff give a bond for $5,000. From this last order of the court the present appeal was taken.

The defendant-appellants maintain, in the first place, that the court erred "in holding that by reason of the delivery to the defendants of the sum of $19,202 retained by the marshal, after they had given a bond for that sum, the attachment for $10,500 by the plaintiff upon the sum first mentioned had become void."

In order to form a clear idea of the case at bar it is necessary to take into account that two different means were sought and obtained to secure the effectiveness of the judgment—one provided for by article 175 of the Regulations for the execution of the Mortgage Law (compilation of 1911, sec. 7272), which consists in the retention of the proceeds of the sale, and the other the general attachment of properties sought and obtained in accordance with the provisions of the act to secure the effectiveness of judgments of 1902, compilation of 1911, sec. 5233 *et seq.* It occurred that the plaintiff, who could have attached other properties of the defendants in conformity with the order of January 23, 1918, affirmed by the judgment of this court of April 25, 1918, preferred to designate as property of the defendants for attachment the $19,202 retained by the marshal of the court. Thereafter the defendants moved for and obtained the delivery to them of the money retained, and although they gave security therefor, it must be observed that the situation changed. The

attached property left the custody of the officer with whom it was deposited and nothing appears to have been expressly stated with regard to the attachment in the order for its delivery. What the plaintiff really asked for was the ratification of the order of attachment, increasing the sum in accordance with the new claims set up in his supplementary complaint, and this was what the district court granted.

The defendants also allege that the district court erred in granting the attachment to secure the sums newly claimed, because, as they contend, the supplementary complaint is frivolous. When the complaint was filed the mortgaged property was still in the possession of the plaintiff. While the suit was going on the property was sold, thus leaving the possession of the plaintiff. If the plaintiff is right, that fact naturally increased the damages suffered.

In no manner must what we have said be understood to mean that we are prejudging the final result of the suit. We are not called upon at present to render judgment, but to provide the means for a *lis pendens* attachment, and, indeed, we do not see that the court, in following the course which it adopted, abused the discretion which the law confers upon it in cases like this. For that reason the order appealed from must be

*Affirmed.*

Chief Justice Hernández and Justices Wolf, Aldrey and Hutchison concurred.